IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

LEO WASHINGTON, JR.,

       Plaintiff,

v.

MICHAEL ASTRUE,
Commissioner of Social
Security,

       Defendant.

3:11-CV-00318-BR

OPINION AND ORDER

BRENDA S. MOSELEY
320 Central Ave., Suite 422
Coos Bay, OR 97420
(503) 266-0436

       Attorneys for Plaintiff

S. AMANDA MARSHALL
United States Attorney
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1003

1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**KATHY REIF**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 MS/901
Seattle, WA  98104-7075
(206) 615-3851

    Attorneys for Defendant

**BROWN, Judge.**

    Plaintiff Leo Washington, Jr., seeks judicial review of the Commissioner of Social Security's final decision denying Plaintiff's December 6, 2006, applications for disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401-34, and supplemental security income benefits (SSI) under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-83f.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

    For the reasons that follow, the Court **REVERSES** the Commissioner's final decision and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

## ADMINISTRATIVE HISTORY

    Plaintiff applied for DIB and SSI on December 6, 2006, alleging he was disabled for a closed period from October 16, 2006, until at least April 2008 as a result of broken ribs, a

2  -  OPINION AND ORDER

broken right arm, fractured skull, fractured nose, and affective mood disorders including anxiety, post-traumatic stress disorder (PTSD), memory loss, and depression. Tr. 88, 147, 205.

An Administrative Law Judge (ALJ) held an evidentiary hearing on August 31, 2009, at which Plaintiff, his mother, and a vocational expert (VE) testified. Tr. 34-87.

The ALJ issued a decision on September 28, 2009, in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 11-20. That decision became the final decision of the Commissioner on January 10, 2011, when the Appeals Council denied Plaintiff's request for review. Tr. 1-3.

On March 15, 2011, Plaintiff filed his Complaint seeking review by this Court of the Commissioner's final decision.

## BACKGROUND

On the date of the administrative hearing, Plaintiff was 37 years old. Tr. 41. Plaintiff performed past relevant work as a heavy-equipment operator and truck driver. Tr. 43-44. Plaintiff has been receiving mental-health treatment since he was injured and two of his friends were killed in an automobile accident in October 2006. Tr. 47, 147.

Since the accident Plaintiff has had a "severe wrist drop" that prevents him from gripping, lifting, moving his thumb, or extending his fingers on his right hand. Plaintiff uses one hand

3 - OPINION AND ORDER

to cut up and to eat food and is unable to operate heavy equipment. Tr. 50-51. He is able with some difficulty to operate a stick shift. Tr. 51. He also is able occasionally to pick up grocery items weighing 10-20 lbs. Tr. 52. He is able to write using his left hand. Tr. 53, 56.

Plaintiff is a member of the Confederated Warm Springs Tribes and has worked in construction for the Tribes building roads and sewer/water lines. Tr. 57, 140.

When the accident occurred, Plaintiff was asleep in the back seat of the automobile. The automobile left the road and went over a guardrail. Tr. 58. As noted, two persons in the automobile were killed. Tr. 58. Plaintiff suffered multiple lacerations, a fractured right arm in two places, and severe nerve damage from his neck down his arm to his fingers. Tr. 58. The inner cavity of his nose and five ribs were broken, and he had a hairline fracture of his left leg. *Id.* Although police told him that he was conscious at the accident site, Plaintiff does not remember the details of the accident. Tr. 59.

Plaintiff asserts he has slowed down mentally as a result of his injuries and is unable to process information as quickly as he did in the past. Tr. 59-60. In January 2008 he underwent a nerve-repair transfer procedure on his right arm, and he is now able, with physical therapy, to use his right hand for some tasks such as pumping gas. Tr. 60, 64.

4 - OPINION AND ORDER

Plaintiff has been prescribed pain medication and anti-anxiety/depression medication since the accident to help him sleep at night. Tr. 62. Those medications make him feel tired and groggy. Tr. 66.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005). To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner bears the burden of developing the record. *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted).

The ALJ is responsible for determining credibility and resolving conflicts and ambiguities in the medical evidence. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Robbins*, 466 F.3d at 882. The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation. *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.  The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920. Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial

gainful activity. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). *See also* 20 C.F.R. § 404.1520(a)(4)(I); 20 C.F.R. § 416.920(a)(4)(I).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1509; 404.1520(a)(4)(ii); 20 C.F.R. § 416.920(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(iii); 20 C.F.R. § 416.920(a)(4)(iii). The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means

7 - OPINION AND ORDER

8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996). The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis engaged in by the ALJ when determining whether a claimant can still work despite severe medical impairments. An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'" SSR 96-8p, at *4.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(iv); 20 C.F.R. § 416.920(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(v); 20 C.F.R. § 416.920(a)(4)(v). Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Commissioner may satisfy this burden through the

testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1); 20 C.F.R. § 416.920(g)(1).

## THE ALJ'S FINDINGS

In Step One, the ALJ found Plaintiff has not engaged in substantial gainful activity since October 16, 2006. Tr. 13.

In Step Two, the ALJ found Plaintiff has the following severe impairments: fracture in the upper arm, right brachial plexopathy, status post-nerve transfer, PTSD, and dysthymia (chronic depression). Tr. 13.

In Step Three, the ALJ found Plaintiff's impairments, singly or in combination, do not meet or medically equal a Listed Impairment. Tr. 14. The ALJ found Plaintiff has the RFC to lift and/or carry 20 lbs. occasionally and 10 lbs. frequently, to use his right arm only as a guide or for support, to stand and/or to walk, and to sit for six hours in an eight-hour work-day. Plaintiff has does not have any reaching, handling, or fingering limits as to his left arm and hand and is able to brace himself using his right arm. He is, however, unable to use his right arm or hand to reach, to handle, or to finger. Tr. 16.

In Step Four, the ALJ found Plaintiff is unable to perform any of his past relevant work. Tr. 19. The ALJ, however, found Plaintiff's limitations do not preclude him from performing unskilled light jobs such as laminating-machine operator, folding-machine operator, and bindery-machine operator. Tr. 20.

At Step Five, the ALJ found Plaintiff is not disabled and, therefore, is not entitled to benefits. *Id.*

## DISCUSSION

Plaintiff contends the ALJ erred by relying on the opinion of a consulting psychologist instead of the opinion of an examining psychologist to determine that Plaintiff does not have a severe disabling cognitive disorder that precludes him from performing unskilled work.

In addition, Plaintiff contends the ALJ improperly rejected lay evidence from Plaintiff's mother that Plaintiff has had limited use of his dominant right arm since the accident and his functional ability to lift, squat, bend, stand, reach, walk, sit, kneel, climb stairs, memory, and use his hands is impaired. He also has depressed periods and is forgetful.

I. **Examining-Psychologist Evidence**.

   A. **Standards**.

   "An examining or treating [psychologist's] opinion may be

rejected by the ALJ when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "'findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record.'" *Thomas*, 278 F.3d at 957 (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). "When the medical opinion of an examining or treating [psychologist] is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it. *Thomas*, 278 F.3d at 957. *See also Lester v. Chater*, 81 F.3d 821, 830-32.

"A nonexamining [psychologist] is one who neither examines nor treats the claimant." *Lester*, 81 F.3d at 830. "The opinion of a nonexamining [psychologist] cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an [examining or treating psychologist]." *Id.* at 831.

When a nonexamining psychologist's opinion contradicts an examining psychologist's opinion and the ALJ gives greater weight to the nonexamining psychologist's opinion, the ALJ must articulate his reasons for doing so. *See Morgan v. Comm'r of Soc. Sec. Admin*, 169 F.3d 595, 600-01 (9th Cir. 1999) ("Opinions of a nonexamining [psychologist] may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it.").

11 - OPINION AND ORDER

**B. Analysis.**

In determining that Plaintiff does not have a disabling psychological impairment, the ALJ relied substantially on the opinion of consulting psychologist Robert Henry, Ph.D., that Plaintiff "is capable of carrying out and sustaining unskilled tasks for a [normal] workweek schedule" despite a moderate limitation in his ability to understand, to remember, and to carry out detailed instructions as the result of a "cognitive disorder w/reduced processing speed." Tr. 408-10.

The ALJ also reviewed the report of examining psychologist Geoffrey Bartol, Ph.D., in which Dr. Bartol found Plaintiff has "a cognitive disorder due to brain injury with decreased processing speed." Tr. 14. The ALJ, however, did not address Dr. Bartol's opinion that Plaintiff's "ability to process visual material without making errors is less well developed than [97%] of his peers," thereby placing him "better than only 3% of his age-mates," and "in the Far Below Average to Below Average range." Tr. 380.

According to Plaintiff, Dr. Bartol's opinion indicates Plaintiff has a severe deficit in mental functioning related to his ability to maintain pace even if he is able to maintain concentration and persistence. The Court notes the ALJ did not explicitly address this limitation, and, therefore, this limitation was not expressly included in the ALJ's hypothetical

12 - OPINION AND ORDER

posed to the VE. Nevertheless, even if Plaintiff has the ability to maintain concentration and persistence in performing unskilled work, there is not any substantial evidence in the record to support a finding that he has the ability to maintain the pace necessary to perform such work. Accordingly, Plaintiff maintains the VE's opinion as to the availability of jobs that Plaintiff can perform is meritless.

The Commissioner, however, contends the ALJ properly included Plaintiff's processing-speed limitations described by Dr. Bartol in the ALJ's hypothetical to the VE when he limited Plaintiff to "unskilled work" and thereby accommodated Plaintiff's "moderate" limitation in concentration, persistence, and pace. Tr. 18, 385. The Commissioner asserts Dr. Bartol's opinion regarding pace related to the mental demands of the job rather than the physical demands, and, therefore, Plaintiff's pace limitation was accommodated by the ALJ's restriction of Plaintiff to unskilled jobs, (*i.e.,* jobs requiring only simple instructions).

Plaintiff counters that Dr. Bartol's opinion reflects Plaintiff has moderate limitations in many work-related functions involving both physical and mental aspects that "are not adequately addressed by a mere limitation to unskilled work."

The Court agrees with Plaintiff and concludes on this record that Dr. Bartol's opinion regarding Plaintiff's substantial

13 - OPINION AND ORDER

processing-speed limitations was not adequately addressed by the ALJ in his hypothetical posed to the VE in that Plaintiff's potential limitations relating to the mental aspects of the jobs were not appropriately taken into account.

## II. Lay-Witness Evidence.

### A. Standards.

Lay-witness evidence as to a plaintiff's symptoms "is competent evidence that an ALJ must take into account" unless he "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).

### B. Analysis.

Plaintiff's mother wrote that since the accident Plaintiff has depressed periods, is forgetful, and now takes longer to accomplish the chores of cooking and laundering. Tr. 160. The record reflects Plaintiff's other activities include watching television, movies, sporting events, going to church, and traveling by car with friends.

Although the ALJ found this evidence shows Plaintiff engaged in a wide range of activities, the ALJ did not take into account that some of Plaintiff's physical activities described by his mother take a long time to complete, which tends to corroborate Plaintiff's contention (also reflected in Dr. Bartol's opinion) that Plaintiff has processing-speed limitations.

14 - OPINION AND ORDER

The Court, therefore, concludes the ALJ did not give germane reasons for failing to credit the lay evidence of Plaintiff's mother as to Plaintiff's difficulty in completing physical tasks as quickly as he did before the accident.

On this record the Court concludes the ALJ did not adequately articulate his reasons for crediting the opinion of Dr. Henry, consulting psychologist, and giving less weight to the opinion of Dr. Bartol, examining psychologist. As a consequence, the Court concludes the Commissioner's final decision denying Plaintiff's claim for DIB and SSI is not based on the proper legal standards and is not supported by substantial evidence in the record as a whole.

## REMAND

The decision whether to remand for further proceedings or for the immediate payment of benefits generally turns on the likely utility of further proceedings. *Id.* at 1179. The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). The court should grant an immediate award

15 - OPINION AND ORDER

of benefits when

> (1) the ALJ has failed to provide legally
> sufficient reasons for rejecting such
> evidence, (2) there are no outstanding issues
> that must be resolved before a determination
> of disability can be made, and (3) it is
> clear from the record that the ALJ would be
> required to find the claimant disabled were
> such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id.* at 1178 n.2.

On this record the Court concludes a remand for further proceedings is appropriate. On remand the Commissioner shall (1) credit Dr. Bartol's opinion that Plaintiff has a severe deficit in mental functioning relating to his ability to maintain pace; (2) credit the lay evidence of Plaintiff's mother regarding the time it takes Plaintiff to complete physical tasks; and (3) if necessary, obtain further testimony from a VE as to whether Plaintiff's deficit in mental functioning as described by Dr. Bartol and the lay-witness evidence, in addition to the other evidence in the record, precludes Plaintiff from engaging in substantial gainful activity.

## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of

42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 25th day of April, 2012.

*signature*

ANNA J. BROWN
United States District Judge

17 - OPINION AND ORDER